

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Aubrey Robison
County Attorney
Morris County
Daingerfield, Texas

Dear Sir:

Opinion No. O-5687

Re: County judges and county
clerks are not entitled
to fees in securing admis-
sion of tuberculars to
State Hospitals.

Your request for opinion upon the following stated ques-
tion:

"In a fee county is the County Judge entitled
to a $3.00 trial fee in a case wherein a tubercular
is committed to a State Sanitorium? Is the County
Clerk entitled to costs for preparing and forward-
ing the transcript?"

has been received and carefully considered by this Department.

Articles 3239, 3240, 3241, 3242, 3243, 3244, 3245, 3246,
3247, 3248, 3249, 3250 and 3251, Vernon's Annotated Texas Civil
Statutes, deal with State Tuberculosis Sanitoriums and the ad-
mission of patients thereto. Article 3242 provides that the
parent, guardian or friend of any patient seeking admission
to the State Tubercular Hospital may make application
in writing and under oath to the county judge of the county
wherein such patient resides, for admission of said patient
into the state colony or hospital. Said statute provides
eleven requirements as to what said application shall contain,

Hon. Aubrey Robison, page 2

such as name, age, relatives, property, etc. Article 3243
provides that the application must be accompanied by the kind
of physician's certificate outlined by said statute, etc.
Article 3244, among other things, provides that the county
judge, if satisfied that the person should be admitted, shall
forward the application described in Article 3242, together
with the county judge's application for admission of said
patient to the State colony or hospital. Patients are classed
as indigent, non-indigent and private patients.

Article 3248, Vernon's Annotated Civil Statutes, reads as
follows:

"The county judge shall see that each patient
admitted to the colony is supplied with three full
suits of underwear and one neat top coat, all being
such as may be prescribed by the State Health
Officer; and the expenses of the clothing and trans-
portation of public indigent patients shall be paid
by the county from which the patient is sent. If
any patient is admitted directly upon the certificate
of the State Health Officer as an indigent patient,
then the State Health officer shall supply such
patient with such clothing and his certificate thereof
shall be full evidence that the same was so supplied
and of the value thereof, and the county from which
said patient came shall be chargeable with said
clothes and shall pay the same upon presentation of
said certificate. Non-indigent public patients
shall pay for their clothing and transportation them-
selves."

The above statutes impose no duty whatever on the county
clerk to prepare and forward a transcript. It is the duty of
the county judge to forward the applications to the state colony
or hospital.

We have been unable to find any statute which would provide
a fee for the county judge for his services in such matters.

Statutes prescribing fees for public officers are strictly
construed; and hence a right to fees may not rest in implica-
tion. McCalla vs. City of Rockdale, 246 S. W. 654.

The Constitution fixes the compensation of certain officers
and authorizes the Legislature to provide by law for the compen-
sation of all other officers, servants, agents and public

Hon. Aubrey Robison, page 3

contractors. Pursuant to the authority thus conferred, numerous statutes have been passed fixing the compensation for various classes of officers. As hereinabove stated, the compensation of public officers is fixed by the Constitution or statutes. An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Binford vs. Robison, 244 S. W. 807; McLennan County vs. Boggess, 217 S. W. 348; Duclos vs. Harris County, 291 S. W. 611, affirmed 298 S. W. 417; Crosby County Cattle Co. v. McDermett, 281 S. W. 293.

Article 3926, Vernon's Annotated Civil Statutes, which provides a three dollar fee for the county judge for each civil case finally disposed of by him by trial or otherwise, to be taxed against the party cast in the suit, is clearly not applicable here. See opinion of this Department dated May 20, 1932, written by Hon. J. A. Stanford, Jr., Assistant Attorney General, and recorded in Vol. 334, pages 799 and 800, Letter Opinions of the Attorney General of Texas, which holds that the county judge is not entitled to any fees for the duties performed by him in securing admission of tubercular to the State colony or hospital.

It is, therefore, our opinion that neither the county judge nor the county clerk are entitled to any fees in the matter inquired about.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:M

APPROVED JUN 23, 1941

*Glenn R. Lewis*

*Acting* ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN